Catron, Judge,
delivered the opinion of the court. The land in controversy was granted to Pharoah Cobb, 11th July, 1788. To deraign title to himself,"the plaintiff on the trial offered in evidence a deed from Cobb, the grantee, to Peter Rausse, dated 12th February,- 1790.-The probate is in the following words: “State of North Carolina, Washington County, February term, 1790; then was the within deed acknowledged in open court, let it he registered. Test, Tho’s. Gourly, C. C.”
On this probate the deed was registered 10th March, 1829. It was objected to, but ordered to be read. We think the circuit court erred: there was in fact no evidence of the execution of this deed; this is a decided point* In Lipe vs. Mitchell’s lessee, at the last term of this court, a probate was decided insufficient, in these *521 Words: “State of Tennessee, Hawkins County, May sessions, 1820; then this deed of conveyance was acknowledged in open court, and ordered to be registered.” ííy.If we were to adjudge this probate sufficient, it might be endorsed upon every deed bearing date before 12th February, 1790, and authorize its registry. We are not told who is grantor or grantee, how much land is conveyed, or where it lies. Nor are we told that Pharoah Cobb, the grantor, appeared in open court and acknowledged the deed.
Kennedy, for the plaintiffin error.
M’Kinney and Taylor, for the defendant.
We have said in former opinions, that where a deed has been registered many years upon a defective probate, and undisturbed adverse possession for twenty or thirty years has accompanied the deed thus registered, that we will presume it duly executed.
But probate, registry, and possession, must concur; the probate upon the register’s book in such case is conclusive, that it was in existence, and claimed as applying to the deed at the time it was registered. How is it possible for the court to say, but that this probate, perhaps of a different deed, was endorsed the day before it was registered in 1829. The statutes declare, the deed shall be acknowledged to have been duly executed by the grantor in open court. This must appear as a matter of record, endorsed upon the deed, or otherwise; for as record evidence alone it can be received. The record does not shew Cobb made the acknowledgement; the lessor of the plaintiff and those under whom he claims, have for many years been in possession of the land granted to Cobb, and would have been protected under any deed of more than seven years standing before the suit was brought, to wit, in 1829; but the plaintiff has no such deed. He introduced one from several grantors, but only proved as to one of them. We are therefore compelled to remand the cause for another trial.
Judgment reversed.